
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 1:98-00158-KD-M-2 |
| CORNELIUS KENYATTA CRAIG, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Cornelius Kenyatta Craig's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 210) and motion to proceed *in forma pauperis* (Doc. 211). Per Section 2255, a prisoner in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of federal constitutional or statutory authority, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. But, "when a prisoner has previously filed a § 2255 motion to vacate, [he] must apply for and receive permission from [the United States Court of Appeals for the Eleventh Circuit] before filing a successive § 2255 motion." Feas v. United States, 701 Fed.Appx. 768, 769 (11th Cir. 2017) (citing Section 2244(b)(3) and Section 2255(h)). "Without authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion." Id. (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). And see Felix v. United States, 709 Fed.Appx. 543, 548 (11th Cir. 2017) ("Because Felix was required to obtain this Court's permission before filing the instant [successive § 2255] motion yet failed to do so, the district court lacked subject matter jurisdiction over his claims[.]").

Craig filed his first Section 2255 petition in 2001; his motion was denied. (Doc. 41). Later, in July 2016, Craig filed an application to file a successive Section 2255 motion; the Eleventh

Circuit granted his application and an authorized successive motion was filed. (Criminal Action No. 1:98-cr-00099-KD-S (Docs. 294, 298)).[1] However, the district court denied Craig's Section 2255 motion and the Eleventh Circuit affirmed the district court's denial of Craig's authorized, successive Section 2255 motion. (Criminal Action No. 1:98-cr-00099-KD-S (Doc. 319)).

Thereafter, in August 2017, Craig filed another Section 2255 motion. (Doc. 136). Because Craig failed to obtain the requisite authorization to file a successive Section 2255 motion, this Court denied his motion for lack of jurisdiction. (Doc. 137). In February 2019, Craig filed yet another application to file a successive Section 2255 motion. USCA11 Case: 19-10668. The Eleventh Circuit denied his application in March 2019. Id.

Upon review of the Eleventh Circuit's electronic filing records, Craig does not have an application to file a successive Section 2255 motion currently pending.[2] So, Craig has not obtained the Eleventh Circuit's authorization to file this successive motion. In light of this, Craig's Section 2255 motion (Doc. 210) is **DENIED for lack of jurisdiction.**[3]

Craig's motion for leave to proceed *in forma pauperis* (Doc. 211) is **denied as MOOT.**

**DONE** and **ORDERED** this the **29th** day of **July 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Craig's application for authorization to file a successive Section 2255 motion refers to both Criminal Action No. 1:98-cr-00099 and Criminal Action No. 1:98-cr-00158. See USCA11 Case: 16-14009. So too does the Eleventh Circuit's order granting Craig leave to file a successive Section 2255 motion. The docket in Criminal Action No. 1:98-cr-00158 does not have entries related to each of these filings but it does include the district court's order denying Craig's authorized, successive Section 2255 motion. (Doc. 122).

[2] Craig must seek and obtain this authorization "[b]*efore* a second or successive application ... is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

[3] Also, a Certificate of Appealability is not appropriate because "dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c)." Bolin v. Secretary Florida Department of Corrections, 628 Fed. Appx. 728, 730 (11th Cir. 2016) (quoting Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)).