IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 98-00099-KD-MU |
| | ) |
| CORNELIUS KENYATTA CRAIG, | ) Criminal Action No. 98-00158-KD-MU |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Cornelius Kenyatta Craig's notice of appeal, request for appointment of counsel on appeal, and motion for leave to appeal in forma pauperis (Criminal Action No. 98-00099-KD-MU, docs. 485, 486, 491; Criminal Action No 98-00158-KD-MU, docs. 297, 298, 301).

Craig appeals the denial in part and dismissal in part of his motion pursuant to 18 U.S.C. § 3582(c)(2) (Id., doc. 471; Id., doc. 284). Upon consideration, and for the reasons set forth herein, his request for appointment of counsel (Id., doc. 486; Id., doc. 298) and motion for leave to appeal in forma pauperis (Id., doc. 491; Id., doc. 301) are DENIED.

A. Background

In October 1998, Craig and his codefendants were tried for multiple offenses related to a series of carjackings (Id., doc. 105, Order on jury trial; Id., doc. 10). Craig was found guilty on twelve counts. In February 1999, he was sentenced to a total term of 931 months (Id., doc. 133, amended at doc. 143; Id. doc. 19, amended at doc. 27). His sentence was affirmed on appeal (Id., doc. 160; Id. doc. 46). Since then, Craig has filed numerous motions to vacate or modify his sentence.

Relevant here, Craig filed a motion pursuant to 18 U.S.C. § 3582(c)(2) (Id., doc. 447, Id., doc. 262). He argued that the "Court has jurisdiction to modify and lower" his guideline range based on an alleged error in calculating his criminal history category in 1999. Specifically, Craig raised two arguments. First, he argued that the Court made an error when calculating his Criminal

History Category and that his counsel did not object to the error. He argued that his state court convictions for receiving stolen property were incorrectly "counted as a prior sentence and conviction" because the conduct was part of the instant carjacking offenses (doc. 447, doc. 262, p. 4). He argued that he was erroneously given five criminal history points under U.S.S.G. § 4A1.1(a), which included three points for these convictions, and without those three points, his Criminal History Category would have been II instead of III and his guidelines range would have been lower.

Craig also argued that Amendment 776[1] which amended the Commentary to U.S.S.G. § 5G1.3, effective November 1, 2013, applied retroactively. He asserted that the Court may now amend his judgment to order that his federal sentence is served concurrent with his state sentences for receiving stolen property as relevant conduct. From this, Craig reasons that he would receive credit for time in state custody which would reduce his federal sentence.

The motion was denied in part and dismissed in part (Id., doc. 471, Id., doc. 284). The Court found that Craig's sentencing guidelines range had not been subsequently lowered by the Sentencing Commission as required for relief pursuant to 18 U.S.C. § 3582(c)(2) and that Amendment 776 did not apply retroactively. Also, the Court dismissed Craig's motion for lack of jurisdiction on grounds that the motion was effectively a second or successive motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed without first obtaining authorization from the Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

  B. Appointment of counsel on appeal

The decision whether to appoint counsel on appeal of the denial of a § 3582(c)(2) motion is discretionary. United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009).[2] "[E]quitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel

---

[1] Amendment 776 was in response to the Supreme Court decision in Setser v. United States, 132 S. Ct. 1464, 1468 (2012).

[2] In Webb, the Eleventh Circuit found that defendants do not have a statutory right under 18 U.S.C. § 3006A or a constitutional right to counsel for a § 3582(c)(2) motion. 565 F.3d at 794-95.

appropriate to ensure a just outcome' in § 3582(c)(2) proceedings." United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (quoting United States v. Webb, 565 F.3d at 794-795).

Craig requests "that he be appointed [an] attorney in this matter" (Id., doc. 485, p. 7; Id., doc. 297, p. 7). He does not argue any specific grounds for appointment. However, review of the notice of appeal indicates that the factual and legal issues are not so novel or complex as to require appointment of counsel. Accordingly, Craig's request is DENIED.

C. Motion to proceed without prepayment of fees on appeal.

Title 28 U.S.C. § 1915 authorizes any court of the United States to allow indigent criminal defendants to appeal without prepayment of costs. See Coppedge v. United States, 369 U.S. 438, 441 (1962). An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers National Bank, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing Coppedge v. United States, 369 U.S. at 445, 82 S. Ct. at 921). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" Id at 859 (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" Id. at 859-860 (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Also, the appellant "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Craig admits that he did not provide a copy of his inmate account statement which would show his monthly average balance. However, he does provide the Court with a copy of a receipt

alleged to show a balance of $260.67 in his prison account. Therefore, he may qualify financially for appointment of counsel.

As to the issues for which he seeks appellate review, Craig stated the issue as "When a district court sentences a defendant within the framework of a incorrect Guideline range and it goes unnoticed because (as in here) Petitioner failed to object to the miscalculation, appellate review of the error is governed by Federal Rule of Criminal Procedure 52(b)(2)." (Id., doc. 485; Id., doc. 297). He argues that "[t]his Court may remedy Petitioner's forfeited error because he has not intentionally relinquished or abandon[ed] this error, it is clear or obvious, and the error affects his substantial rights." (Id.; Id.). He moves the Court of Appeals to "remand this action to the district court or vacate, modify, or correct his sentence.' (Id.; Id.).

Review of the issues for appeal indicates that the relief Craig seeks is not relief available pursuant to 18 U.S.C. § 3582(c)(2). And again, to the extent the relief he seeks – to vacate, modify, or correct his sentence - may be available under 28 U.S.C. § 2255, Craig did not obtain authorization from the Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion. Thus, this Court lacked jurisdiction to consider the issues.

The Court is unable to certify that Craig's appeal is not frivolous and is taken in good faith. Accordingly, Craig's motion to proceed without prepayment of fees on appeal is denied.

**DONE** and **ORDERED** this 26th day of July 2024.

                                                       <u>s / Kristi K. DuBose</u>
                                                       **KRISTI K. DuBOSE**
                                                       **UNITED STATES DISTRICT JUDGE**